**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Nadine Lee Young
1636 E. 30th Street
Baltimore, MD 21218

v.

Housing Authority of Baltimore City
417 E Fayette St
Baltimore, MD 21202

*and*

Wade Johnson
3033 Cascade Dr
Abingdon, MD 21009

Case #
JURY TRIAL DEMANDED

---

**AMENDED COMPLAINT**

Comes now the Plaintiff Nadine Young, by and through counsel, Cary J. Hansel of Hansel Law, PC, and Annie B. Hirsch of Hirsch and Cosca, PC and sues the above-named defendants, stating as follows:

**INTRODUCTION**

1)      This lawsuit is being filed as a result of persistent sexual abuse and harassment perpetrated by a supervisor against Nadine Young in the workplace.  The Housing Authority of Baltimore City knew or had reason to know that Maintenance Superintendent Wade Johnson had a history of inappropriate sexual behavior in the workplace yet hired and continued to employ him to act in a supervisory capacity.  His continued, daily sexual comments, unwanted touching and advances created a hostile work environment for the Plaintiff and other women under his supervision.

2)	The workplace sexual abuse and harassment perpetrated by Wade Johnson took place in the context of the rampant abuse in the Gilmor Homes and other Housing Authority of Baltimore City ("Housing Authority") properties, where maintenance employees also shamelessly preyed on innocent female tenants in widespread sex-for-repairs *quid pro quo* sexual harassment.  As in that case, supervisors attempted to cover up the harassing behavior.

3)	The practice of covering up sexual harassment by maintenance workers is so widespread that it is a pattern and practice by the Housing Authority, whose officials have repeatedly turned their backs on city residents and on their own employees.  For years, the Housing Authority of Baltimore City has ignored numerous complaints and repeatedly allowed abusers to maintain their positions of power.

4)	Wade Johnson's sexually harassing behavior was a daily occurrence in the workplace which caused Nadine Young extreme mental duress, affected her ability to work productively, affected her family life, put her in fear of losing her job, and put her in fear that he would one day increase his sexual aggressiveness and do her harm.  Nadine Young's affidavit is attached hereto as Exhibit 1 and incorporated herein in its entirety.

<u>**JURISDICTION**</u>

45)	Jurisdiction is proper in this Honorable Court under 28 U.S. Code § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States.

<u>**VENUE**</u>

56)	Venue is proper in this Honorable Court under 28 U.S.C. § 1391 because the parties are domiciled in Maryland, or organized under Maryland law, and the events at issue took place in Baltimore, Maryland.

2

## PARTIES

6<u>7</u>)     Nadine Lee Young is an adult citizen of Baltimore, Maryland.

7<u>8</u>)     The Housing Authority of Baltimore City is a public body corporate and politic

created under the laws of the State of Maryland.

8<u>9</u>)     The Housing Authority of Baltimore City is *sui juris*.

9<u>10</u>)     The Housing Authority of Baltimore City is an agency of the City of Baltimore.

## FACTS COMMON TO ALL COUNTS

~~10~~11)  Nadine Lee Young is a 46 year-old female employee of the Housing Authority of Baltimore City.

~~11~~12)  Ms. Young has been employed by the Housing Authority since 2003, at all times relevant to the instant action as a Maintenance Worker.

~~12~~13)  Ms. Young first had contact with and was first sexually harassed by Wade Johnson at the Duncanwood facility in 2012, where she went to be issued a pair of steel-toed shoes for work.  While she was briefly there, she encountered Mr. Johnson who referred to her as "Miss Dimples."

14)     Wade Johnson was known to be in the habit of making inappropriately suggestive comments during his time working for the Housing Authority at Duncanwood.

~~13~~15)  Later, Mr. Johnson was occasionally on the premises of Ms. Young's office at Gilmor Homes, starting in or about October of 2015, and was increasingly present at Gilmor homes in the following months, during which time the sexual harassment became worse.

~~14~~16)  Wade Johnson was permanently transferred to act as Ms. Young's supervisor at Gilmor Homes in early 2016.  Plaintiff believes Mr. Johnson was transferred to Gilmor as a result of his inappropriate behavior at Duncanwood.

~~15~~17)  The harassment started gradually in the period at the end of 2015 and the beginning of 2016, increasing in frequency to become a daily problem, as Mr. Johnson would repeatedly come to Ms. Young's desk and whisper lewd comments into her ear and ask to take her on dates.  Mr. Johnson would also 'talk with his hands' in such a manner that he would place his hands on Ms. Young while making such comments.

4

18)     Mr. Johnson would frequently invade Ms. Young's personal space, coming into the small file room without any justification, while she was working there.

19)     Once while she was seated working on her computer, Mr. Johnson, under the auspices of showing her something on the computer, reach over her body with his arms on either side of her.

20)     All of the unwanted touching and violations of Ms. Young's physical space caused Ms. Young to fear the Mr. Johnson would one day inappropriately touch her in a sexual manner.

~~16~~21)  On one occasion, which he claimed to be his birthday, Mr. Johnson offered to take Ms. Young and another employee, Keyonna Richardson, on a cruise, stating that he "could make wonders happen on that cruise."

22)     Mr. Johnson frequently asked Ms. Young if she was 'ready' which she took to mean ready for a sexual encounter with him.  One time he even asked her this directly in front of Ms. Richardson at a work-related function.

~~17~~23)  One of the final comments, on or about February 2016, Mr. Johnson stated to Ms. Young that "I would love to taste that."

~~18~~24)  Initially, Ms. Young was reluctant to make a complaint against her supervisor because she was fearful of retaliation and of losing her job.  She was out of work for surgery in February of 2016.  When she returned, Mr. Johnson informed her that she would be working at a different site, the Perkins Project.  He gave her his phone number and asked her to use it, which Ms. Young understood to mean that she should contact him for a date or sexual encounter.

25)     Ms. Young contacted her Union representatives regarding the sexual harassment by Mr. Johnson.

1926)   After making her Union representatives aware of Mr. Johnson's unacceptable actions, Ms. Young learned of more co-workers who were sexually harassed by him.

2027)   Ms. Young also learned that Mr. Johnson was the cousin of a Human Resources Director working for the Housing Authority, Mona Brown.

2128)   Ms. Young spoke to her supervisor, Vernelle Gibson, in May 2016 regarding Mr. Johnson, which, either alone or in conjunction with other complaints against him, resulted in a hearing.  After that hearing, Wade Johnson's employment was terminated by the Housing Authority.

29)      During the investigation of Mr. Johnson's behavior, it was learned that several people from several different departments had complained of or were aware of Mr. Johnson's constant inappropriate sexual commentary at multiple Housing Authority sites.

2230)   Plaintiff timely filed with the EEOC, which issued a Dismissal and Notice of Rights letter on December 16, 2016.

**Additional Facts**

2331)   Wade Johnson was, at all times relevant to the instant action, an employee of the Housing Authority of Baltimore City, acting under color of State and local law.

2432)   Wade Johnson knew or should have known that his sexual advances were unwelcome.

2533)   At all times relevant hereto, the Housing Authority of Baltimore City knew or should have known of the harassment and abuse taking place in their workplace.  Ample notice was provided by Mr. Johnson's previous history of workplace sexual harassment; Mr. Johnson was fired from a previous job in the public schools for sexual harassment and had pending sexual harassment cases at the Health Department.

34)	The Housing Authority failed to make adequate inquiries into Mr. Johnson's prior employment and failed to enact effective policies to keep him from serially harassing multiple people at multiple locations while under their employ.

35)	Mr. Johnson was well-known for engaging in inappropriate conversations in the workplace and this behavior may have contributed to the decision to transfer him away from the Duncanwood site.

2636)	The abuses outlined herein are not limited Ms. Young; she was present for the sexual harassment of one other co-worker and has learned of at least one more, both by Mr. Johnson.  The Affidavit of LaTanya Dawson is attached hereto as Exhibit 2.

2737)	The Plaintiff has suffered severe mental pain, suffering and anguish as a result of all of these abuses.  This mental pain manifests itself as evidenced by physical symptoms such as loss of sleep, nervousness, and panic attacks.  The Plaintiff has been and continues to be treated by a psychiatrist for major depression and anxiety related to the harassment and abuse by Mr. Johnson and a previous incident of sexual harassment while working for the Housing Authority.

2838)	Plaintiff has suffered from a hostile work environment created by the defendants. The Plaintiff was subject to a hostile environment repeatedly through lewd and lascivious requests and comments from her supervisor both openly and in close physical proximity. Plaintiff feared being in the presence of her harasser and felt intimidated by him.  Due to the harassment, she was humiliated in front of her coworkers to such a degree that she would take her lunch breaks in her work truck rather than the common break room.

39)	Since the termination of Mr. Johnson, Ms. Young has returned to work at Gilmor homes, which she now finds to be a much more peaceful environment, where she is more productive, has better morale, and often takes the opportunity to work overtime.  This was not

the case in the hostile work environment created by Defendants while Mr. Johnson was her supervisor.

2940)   Defendants have subjected Ms. Young to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions. Such conduct has included, but is not limited to making unwelcome sexual comments and unwelcome sexual advances.

3041)   The discriminatory incidents described herein occurred while Wade Johnson was exercising his authority as an supervisory employee of the Housing Authority.

3142)   Defendant the Housing Authority is liable for the actions of Wade Johnson.  The Housing Authority hired Wade Johnson, knew or should have known of his history of workplace sexual harassment, knew or should have known of his discriminatory conduct, had the authority to take preventive and corrective action, and failed to take reasonable preventive or corrective measures.

3243)   Defendants' conduct described above constitutes a pattern or practice of resistance to the full enjoyment of the rights granted by the Civil Rights Act, 42 U.S.C. §§ 2000, et seq. which denial raises an issue of general public importance.

3344)   Defendants' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

45)      All conditions precedent have been met.

**CLAIMS FOR RELIEF**

**COUNT I – CIVIL RIGHTS ACT**
**HOSTILE ENVIRONMENT SEXUAL HARRASSMENT**
**(Against All Defendants)**

~~34~~46)  All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

~~35~~47)  The Plaintiff is a woman and, thus, a member of a protected class.

~~36~~48)  Plaintiff was employed by the Housing Authority at all times relevant to the instant action and is still so employed.

~~37~~49)  Plaintiff was repeatedly subjected to unwelcome and offensive comments, suggestions, touching, and invitations by Wade Johnson.

~~38~~50)  Wade Johnson's harassing behavior was based on Plaintiff's sex and the inappropriate conduct was unwarranted and unwanted by Plaintiff.

~~39~~51)  The harassment occurred with a high frequency involving ~~repeated~~ daily or near-daily occurrences, demands, and statements.

~~40~~52)  The harassment often rises to the level of being physically threatening or humiliating, with Mr. Johnson whispering lewd comments directly into Plaintiff's ear, engaging in unwanted touching, and also making lewd statements and inappropriate suggestions out loud where other coworkers can hear him.

53)  Mr. Johnson acted with ill-will and improper motive, furthering his prurient self-interest in subjecting Ms. Young to his sexual harassment.

~~41~~54)  The harassment was sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating, and/or abusive work environment and has the effect of unreasonably interfering with Plaintiff's employment.

9

42<del>55</del>)  Defendant Housing Authority allowed Mr. Johnson to sexually harass Plaintiff and/or failed to take immediate and appropriate corrective action when notified about Mr. Johnsons' sexually harassing behavior, either at Gilmor Homes or another location, and/or hired Mr. Johnson knowing his history of workplace sexual harassment.

43<del>56</del>)  Defendants aforementioned actions constitute discrimination, on the basis of ~~her~~ Plaintiff's sex, with respect to the terms, conditions, or privileges of Plaintiff's employment.

44<del>57</del>)  As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

45<del>58</del>)  Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT II – CIVIL RIGHTS ACT
## *QUID PRO QUO* SEXUAL HARRASSMENT
### (Against All Defendants)

4659)  All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

4760)  Sex or sexual favors were demanded of the female Plaintiff by the supervisor in control of her employment.  These demands were unwelcome.  Similar demands were not made of male residents.

4861)  Plaintiff was concerned that she would lose her job if she reported or resisted the actions of Wade Johnson.

6162)  Mr. Johnson acted with ill-will and improper motive, furthering his prurient self-interest in subjecting Ms. Knox to his sexual harassment and quid pro quo demands.

4963)  As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

5064)  Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT III – CIVIL RIGHTS
## ACT DUE PROCESS CLAIM
### (Against All Defendants)

5165)  All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

5266)  The defendants were, at all relevant times, acting "under color of law," pursuant to Baltimore City's charter, codes, ordinances and regulations.

5367)  The Plaintiff was deprived of her constitutional rights as well as her rights as described above under the Civil Rights Act, a federal statute.

5468)  With respect to the United States Constitution, the Plaintiff was denied the right to due process of law insofar as her employer, a government agency, hired a known sexual harasser to act as her supervisor and as an agent of the government.

5569)  The Plaintiff has a liberty interest in the right to be secure in her person in the workplace.  This interest was violated when Mr. Johnson physically touched the Plaintiff and/or approached the Plaintiff to make lewd comments in her ear, threatening her physical safety and security, and creating a hostile environment through continued and excessive sexual harassment.

5670)  There are no adequate procedural safeguards in place to prevent this abuse.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT IV – CIVIL RIGHTS
## ACT EQUAL PROTECTION CLAIM
### (Against All Defendants)

~~57~~71)  All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

~~58~~72)  The female Plaintiff was treated differently than her similarly-situated male counterparts, based solely on her sex.

~~59~~73)  The Plaintiff was singled out for harassment by the defendants.  Similarly situated males suffer no similar harassment.

~~60~~74)  There is not a rational basis, legitimate state purpose, or compelling governmental interest in the harassment and discrimination at issue.

~~61~~75)  The Plaintiff was being intentionally singled out because of her sex.  As such, she is a member of a suspect classification and the harassment must be viewed with strict scrutiny.

~~62~~76)  The harassment at issue interferes with the Plaintiff's fundamental rights to physical security, to be secure in her workplace and to privacy.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT V – SEXUAL HARASSMENT UNDER MARYLAND
## FAIR EMPLOYMENT PRACTICES ACT
## CODE § 20-606: HOSTILE WORK ENVIRONMENT AND QUID PRO QUO
### (Against All Defendants)

~~63~~77)  All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

~~64~~78)  As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

13

~~65~~79)  Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

**COUNT VI – MARYLAND CONSTITUTION**
**ARTICLE~~S~~ 24 ~~& 26~~ DUE PROCESS CLAIM**
**(Against All Defendants)**

~~66~~80)  All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

~~67~~81)  As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

**COUNT VII – MARYLAND CONSTITUTION**
**ARTICLE~~S~~ 24 ~~& 26~~ EQUAL PROTECTION CLAIM**
**(Against All Defendants)**

~~68~~82)  All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

~~69~~83)  As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

**COUNT VIII – NEGLIGENT HIRING,
TRAINING, RETENTION & SUPERVISION
(Against Defendant Housing Authority)**

7584)   All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

7685)   Defendant Housing Authority of Baltimore City bears direct responsibility for the hiring, retention and supervision of Wade Johnson.

7786)   Defendant Housing Authority of Baltimore City knew or should have known, prior to hiring Mr. Johnson, that he was unfit for the duties of his job and dangerous to the Plaintiff and other female coworkers.  Mr. Johnson was previously terminated from employment for sexual harassment and under ongoing investigation regarding further sexual harassment claims.

7887)   Defendant Housing Authority of Baltimore City failed to diligently investigate Mr. Johnson prior to hiring him and/or knowingly overlooked his history of sexual harassment.

7988)   Defendant Housing Authority of Baltimore City failed to exercise their duty to provide any training sufficient to prevent the sexual harassment and other misconduct outlined herein.

8089)   Defendant Housing Authority of Baltimore City failed to exercise their duty to properly supervise Mr. Johnson so as to prevent the sexual harassment and other misconduct outlined herein.

90)     Defendant Housing Authority intentionally tried to cover up or divert attention from Mr. Johnson's inappropriate behavior at other Housing Authority sites by transferring him to Gilmor Homes, exposing Plaintiff and other co-workers to sexual harassment by him.

81<del>91</del>)  Defendant Housing Authority of Baltimore City knew or should have known of the numerous complaints against Mr. Johnson.  These complaints clearly illustrated Mr. Johnson's unfitness for the duties of his job and his dangerousness to the women in question. Yet, Defendant Housing Authority of Baltimore City violated their duty to terminate the employment of Mr. Johnson until well after the harassment had occurred.

~~82~~92)  As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, ~~punitive damages~~ in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT IX – NEGLIGENT ENTRUSTMENT
### (Against Defendant Housing Authority)

83<del>93</del>)  All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

84<del>94</del>)  Defendant Housing Authority of Baltimore City bears direct responsibility for entrusting supervisors with keys to, *inter alia*, the Plaintiff's office and the power over the Plaintiff which Wade Johnson wielded.

85<del>95</del>)  Defendant Housing Authority of Baltimore City knew or should have known, prior to entrusting Mr. Johnson that he could not be trusted with such access or authority.

86<del>96</del>)  Defendant Housing Authority of Baltimore City breached their duty to permit only qualified individuals to have keys and access to the Plaintiff's office as well as the other power over the Plaintiff with which Mr. Johnson was entrusted.

87<del>97</del>)  Wade Johnson abused his access and authority to approach the Plaintiff in order to make lewd comments in her ear and proposition her in her place of employment.

16

~~88~~98)   As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, ~~punitive damages~~ in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT X – ASSAULT
### (Against Defendant Wade Johnson)

99)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

100)    The constant sexually inappropriate commentary by Wade Johnson, coupled with the occasional unwanted touching and invasion of Plaintiff's personal space, placed Plaintiff in apprehension that he would, at any time, touch her in a sexually inappropriate manner.

~~100~~101)     Wade Johnson's touching and invasion of the personal, physical space of Ms. Young was performed intentionally.

~~101~~102)     As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

The Plaintiff demands trial by jury.

Respectfully submitted,

HANSEL LAW, PC                                  HIRSCH & COSCA, PC


_____/s/_____                  _____/s/_____
Cary J. Hansel, No. 14722                  Annie B. Hirsch, No. 16681
2514 N. Charles Street                     2514 N. Charles Street
Baltimore, MD 21218                        Baltimore, MD 21218
Phone: 301-461-1040                        Phone: 410-864-8491
Facsimile: 443-451-8606                    Facsimile: 410-982-6597
cary@hansellaw.com                         abh@hirschandcosca.com